IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERLIN J. THEODORE | : | CIVIL ACTION |
| v. | : | No. 18-1528 |
| DEFENSE LOGISTICS AGENCY – TROOP SUPPORT, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                      **January 15, 2020**

Plaintiff Berlin Theodore alleges Defendants Pennsylvania Unemployment Compensation Board and Janet Tarczy denied his unemployment benefits without due process. These Defendants now move to dismiss Theodore's Second Amended Complaint. The Court will grant the motion because the Board is immune from suit and the Second Amended Complaint has failed to allege a claim against Tarczy. Because Theodore has already had three chances to plead his claims, the Court will not grant him leave to further amend his Complaint.

**BACKGROUND[1]**

Theodore worked for former defendant Defense Logistics Agency, a federal government agency under the Department of Defense. He was fired from Defense Logistics in April 2016 after a dispute about his leave under the Family Medical Leave Act. He then sought unemployment benefits from the Pennsylvania Unemployment Compensation Board. Even though Theodore was a federal employee, his unemployment compensation was administered by the commonwealth of Pennsylvania pursuant to 5 U.S.C.§ 8502. The Board initially denied Theodore's benefits and Theodore appealed in Pennsylvania state court. After considering his appeal, the state court

---

[1] In evaluating the Motion to Dismiss, the Court takes the well-pleaded facts set forth in the Second Amended Compliant as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

1

remanded Theodore's case to the Board. On remand, the Board granted Theodore's request for unemployment benefits.

On April 11, 2018, Theodore filed his first complaint in this case. One of the Defendants he named was Janet Tarczy, the Board's Deputy Chief Counsel. All the Defendants, including Tarczy, moved to dismiss this complaint. On March 27, 2019, the Court granted the Defendants' motions and dismissed the case against all Defendants. However, the Court granted Theodore leave to amend his Complaint against Tarczy.[2] Theodore then filed an Amended Complaint against Tarczy under *Bivens v Six Unknown Federal Narcotics Agents*. 403 U.S. 388 (1971). This Amended Complaint was again dismissed without prejudice. Then, on August 26, 2019, Theodore filed his Second Amended Complaint against Tarczy. In the Second Amended Complaint, he also added the Board as a defendant. Theodore alleged both Defendants violated his due process rights. He brings claims under 42 U.S.C. § 1983 and *Bivens*. Both Defendants now move to dismiss Theodore's Second Amended Complaint.

## DISCUSSION

The Court will dismiss Theodore's Second Amended Complaint against both Defendants. The Court will dismiss Theodore's claims against the Board because the Board is immune from suit under the Eleventh Amendment. The Court will dismiss Theodore's claims against Tarczy in her personal capacity because he has failed to allege she did anything to contribute to his alleged due process violation. The Court will address each Defendant in turn. Because Theodore is appearing pro se, the Court will construe his complaint liberally and "apply the applicable law, irrespective of whether [Theodore] has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

---

[2] The other Defendants were dismissed from the case entirely.

2

The Board is immune from suit because it is a state executive agency. "State governments and their subsidiary units are immune from suit in federal court under the Eleventh Amendment." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253 (3d Cir. 2010). This sovereign immunity extends to any entity that is an "arm of the state." *Patterson v. Pa. Liquor Control Bd.*, 915 F.3d 945, 950 (3d Cir. 2019). "[A]n administrative agency without existence apart from the Commonwealth" is an arm of the state entitled to sovereign immunity. *Betts*, 621 F.3d at 255. The Board falls into this category. The Board is a subdivision of Pennsylvania's Department of Labor, which is an administrative agency. *See* 43 Pa. Stat. and Cons. Stat. Ann. § 763 (creating the Board as part of the Department of Labor); 71 Pa. Stat. and Cons. Stat. Ann. § 61 (listing the Department of Labor as a state administrative agency). The Board is therefore immune from suit. *See Betts*, 621 F.3d at 255-56 (finding that a subdivision of a state administrative agency was immune from suit under the Eleventh Amendment).

Theodore incorrectly asserts that the Board should be treated as a federal agency because it was administering his benefits as former federal employee. Even though the Board was administering federal benefits, it is still organized as a part of the Commonwealth of Pennsylvania. *See* 43 Pa. Stat. § 763; *see also* 5 U.S.C. § 8502(d) (explaining that a state agency administering federal benefits should be treated no differently than a state agency administering state benefits for purposes of appealing those benefits). Even if the Board were a federal agency, it would still not be the proper defendant in a *Bivens* action. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484–86 (1994) (holding that Bivens actions cannot be brought against federal agencies). Nor would it be the proper defendant in a § 1983 action. *See Hindes v. F.D.I.C.*, 137 F.3d 148, 158 (3d Cir. 1998) ("[F]ederal agencies are not 'persons' subject to section 1983 liability.").

3

Theodore's claims against Tarczy in her personal capacity will be dismissed because he has not alleged she was personally involved in his due process violation. To bring a claim under either *Bivens* or § 1983, a plaintiff must allege that the defendant had direct personal involvement in the violation of his constitutional rights.[3] With respect to § 1983, the Third Circuit has explained this requirement as follows:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (internal citations omitted). The same specific pleading requirements also apply to *Bivens* claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Here, Theodore does not allege any facts linking Tarczy to his alleged denial of due process. There is only one factual allegation in the Second Amended Complaint that mentions Tarczy by name: "Defendant Tarczy is the PA Unemployment Compensation Board's Deputy Chief Counsel." Second Am. Compl. 2. The only other relevant allegations in the Second Amended Complaint are conclusory allegations alleging both Defendants "violated Mr. Theodore's right to due process when it denied [his] claim for unemployment compensation." *Id.* at 4. Even though this allegation appears to include both Defendants, the factual allegations in the rest of the Second Amended Complaint state that the Board, not Tarczy, denied Theodore's claim.

---

[3] Because Theodore argues Tarczy was a federal agent, the Court will analyze his claim under both *Bivens* and section 1983.

4

There is no allegation that Tarczy was personally involved in this denial. Theodore's conclusory allegations, devoid of facts, are not enough to state a claim. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." (internal citations omitted; alteration in original)).

**CONCLUSION**

Because the Board is immune from suit and Theodore has not alleged Tarczy's personal involvement in his case, his Second Amended Complaint will be dismissed.[4] The Court will not grant Theodore leave to amend his Second Amended Complaint. Because Theodore has already had three chances to plead his case, the Court finds further opportunities to amend would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (noting that futility is a basis to deny leave to amend a complaint); *see also Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018) (finding amendment would be futile when the plaintiff "had already amended her complaint once and did not move to amend again or suggest what she might add").

An appropriate order follows.

BY THE COURT:

Juan R. Sánchez, C.J.

---

[4] Although Theodore's case must be dismissed, the Court would like to thank Theodore for his dedication to this case and his professional manner in presenting the case pro se.

5